# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL ORDAZ,<br><br>    Petitioner,<br><br>    v.<br><br>J. SULLIVAN,<br><br>    Respondent. | Case No. 1:17-cv-00927-LJO-SAB-HC<br><br>**FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## STATEMENT OF FACTS AND PROCEDURAL BACKGROUND[1]

> On September 13, 2014, while serving a prison term at Pleasant Valley State Prison, Ordaz was involved in an altercation with another inmate. Afterwards, he was found to be in possession of a sharp instrument.
>
> On February 17, 2015, the district attorney filed a complaint charging Ordaz with assault by a state prisoner (count 1, § 4501) and possession of a weapon by an inmate (count 2, § 4502, subd. (a)) and alleging that he had a prior conviction within the meaning of the Three Strikes law.
>
> On March 16, 2015, Ordaz pled no contest to the possession of a weapon by an inmate charge and admitted the Three Strikes allegation in exchange for the dismissal of the remaining count and a stipulated sentence of six years, the middle term of three years on the possession charge, doubled to six years because of Ordaz's prior strike conviction. After Ordaz waived a probation report and time

---

[1] The Court relies on the California Court of Appeal's August 9, 2016 opinion for this summary of the facts of the crime and procedural history. See Vasquez v. Kirkland, 572 F.3d 1029, 1031 n.1 (9th Cir. 2009).

1

for sentencing, the court sentenced him to the stipulated term of six years, consecutive to the term he was already serving when he committed the new offense.

People v. Ordaz, No. F071359, 2016 WL 4199096, at *1 (Cal. Ct. App. Aug. 9, 2016).

On August 9, 2016, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. Ordaz, 2016 WL 4199096, at *2. On October 12, 2016, the California Supreme Court summarily denied the petition for review. (ECF No. 7-1 at 127).[2] On July 13, 2017, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1). Respondent filed an answer, and Petitioner filed a traverse. (ECF Nos. 7, 10).

## II.

## STANDARD OF REVIEW

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. The challenged conviction arises out of the Fresno County Superior Court, which is located within the Eastern District of California. 28 U.S.C. § 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions.

Under AEDPA, relitigation of any claim adjudicated on the merits in state court is barred unless a petitioner can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---
[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

2

28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 97–98 (2011); Lockyer v. Andrade, 538 U.S. 63, 70–71 (2003); Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id. In addition, the Supreme Court decision must "'squarely address [] the issue in th[e] case' or establish a legal principle that 'clearly extend[s]' to a new context to the extent required by the Supreme Court in . . . recent decisions"; otherwise, there is no clearly established Federal law for purposes of review under AEDPA. Moses v. Payne, 555 F.3d 742, 754 (9th Cir. 2009) (quoting Wright v. Van Patten, 552 U.S. 120, 125 (2008)); Panetti v. Quarterman, 551 U.S. 930 (2007); Carey v. Musladin, 549 U.S. 70 (2006). If no clearly established Federal law exists, the inquiry is at an end and the Court must defer to the state court's decision. Musladin, 549 U.S. 70; Wright, 552 U.S. at 126; Moses, 555 F.3d at 760.

If the Court determines there is governing clearly established Federal law, the Court must then consider whether the state court's decision was "contrary to, or involved an unreasonable application of, [the] clearly established Federal law." Lockyer, 538 U.S. at 72 (quoting 28 U.S.C. § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412–13; see also Lockyer, 538 U.S. at 72. "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" Williams, 529 U.S. at 405 (quoting Webster's Third New International Dictionary 495 (1976)). "A state-court decision will certainly be contrary to [Supreme Court] clearly established precedent if the state court applies a rule that contradicts the

governing law set forth in [Supreme Court] cases." Id. If the state court decision is "contrary to" clearly established Supreme Court precedent, the state decision is reviewed under the pre-AEDPA de novo standard. Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc).

"Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411; see also Lockyer, 538 U.S. at 75–76. The writ may issue only "where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." Richter, 562 U.S. at 102. In other words, so long as fair minded jurists could disagree on the correctness of the state court's decision, the decision cannot be considered unreasonable. Id. If the Court determines that the state court decision is objectively unreasonable, and the error is not structural, habeas relief is nonetheless unavailable unless the error had a substantial and injurious effect on the verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011); Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99–100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).

///

1    Where the state court reaches a decision on the merits but provides no reasoning to
2 support its conclusion, a federal habeas court independently reviews the record to determine
3 whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v.
4 Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo
5 review of the constitutional issue, but rather, the only method by which we can determine
6 whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. While
7 the federal court cannot analyze just what the state court did when it issued a summary denial,
8 the federal court must review the state court record to determine whether there was any
9 "reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98. This court "must
10 determine what arguments or theories . . . could have supported, the state court's decision; and
11 then it must ask whether it is possible fairminded jurists could disagree that those arguments or
12 theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Id. at 102.

### III.

### DISCUSSION

    In the petition, Petitioner challenges the prior strike that was used to double his sentence for possession of a weapon. Petitioner pleaded no contest to the possession charge and admitted to a prior strike under California Penal Code section 246, a code section that does not exist. Although Petitioner was previously convicted for assault with a firearm, in violation of California Penal Code section 245(a)(2), Petitioner asserts that this prior conviction is invalid and thus, could not have been used to enhance his sentence. (ECF No. 1 at 4, 7–9). Had the trial court correctly identified the prior section 245(a)(2) conviction, Petitioner contends that he would have objected and litigated the validity of this prior conviction. (ECF No. 1 at 7).

    Respondent argues that the state court's determination that the plea sufficed for the imposed judgment was reasonable. (ECF No. 7 at 5–6). To the extent that Petitioner raises a lack of notice claim, Respondent argues that Petitioner has not fairly presented that claim to the state courts and that it is unexhausted and procedurally barred. (ECF No. 7 at 6–8).

    Petitioner raised the prior strike issue on direct appeal to the California Court of Appeal, Fifth Appellate District, which denied the claim in a reasoned decision. The California Supreme

Court summarily denied Petitioner's petition for review. As federal courts review the last reasoned state court opinion, the Court will "look through" the California Supreme Court's summary denial and examine the decision of the California Court of Appeal. See Brumfield v. Cain, 135 S. Ct. 2269, 2276 (2015); Johnson v. Williams, 568 U.S. 289, 297 n.1 (2013); Ylst, 501 U.S. at 806.

In denying relief, the California Court of Appeal stated:

> Ordaz appears to contend that his prior strike conviction does not qualify as a strike. While not entirely clear, it seems Ordaz's present claim is that the strike prior he admitted in open court, section 246, subdivision (b) does not exist so it cannot be a strike.[3]
>
> "[W]hen a defendant pleads guilty or no contest and is convicted without a trial, only limited issues are cognizable on appeal. A guilty plea admits every element of the charged offense and constitutes a conviction [citations], and consequently issues that concern the determination of guilt or innocence are not cognizable. [Citations.] Instead, appellate review is limited to issues that concern the 'jurisdiction of the court or the legality of the proceedings, including the constitutional validity of the plea.' " (*In re Chavez* (2003) 30 Cal.4th 643, 649.) Moreover, these cognizable issues on appeal "... or other grounds going to the legality of the proceedings [may only be addressed] provided that a section 1237.5 probable cause certificate has been obtained." [citation] (*People v. Arwood* (1985) 165 Cal.App.3d 167, 171).[4] Ordaz claims his appeal is based upon the sentence or other matters that occurred after plea that do not affect its validity. Again he is incorrect. A challenge to a Three Strikes allegation admitted as part of a plea constitutes a challenge to the validity of the plea. (Cf. *Id.* at p. 172.) Since Ordaz's contention challenges the validity of his plea, it is not cognizable on appeal.
>
> Further, following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

Ordaz, 2016 WL 4199096, at *1–2 (footnotes in original).

**A. Exhaustion and Procedural Default**

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based

---

[3] Ordaz is incorrect, the change of plea transcript reflects he "... suffered a prior strike conviction, ... a serious or violent felony as set forth in ... the California Penal Code ... PC 246 subsection (a)(2)." Interestingly, this code section does not exist either, nor did it exist in 2002–2003.

[4] Section 1237.5 provides in pertinent part: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere ... except where [¶] (a) The defendant has filed with the trial court a written statement ... showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

6

on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

A federal court will not review a petitioner's claims if the state court has denied relief on those claims pursuant to a state law procedural ground that is independent of federal law and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 729–30 (1991). This doctrine of procedural default is based on the concerns of comity and federalism. Id. at 730–32. However, there are limitations as to when a federal court should invoke procedural default and refuse to review a claim because a petitioner violated a state's procedural rules. Procedural default can only block a claim in federal court if the state court "clearly and expressly states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989).

Exhaustion and procedural default are closely related doctrines. Because the exhaustion requirement "'refers only to remedies still available at the time of the federal petition,' it is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law.'" Gray v. Netherland, 518 U.S. 152, 161 (1996) (alteration in original) (first quoting Engle v. Isaac, 456 U.S. 107, 125 n.28 (1982); then quoting Castille v. Peoples, 489 U.S. 346, 351 (1989)). "However, the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." Gray, 518 U.S. at 162.

Ordinarily procedural bar issues are resolved first, but courts have recognized that "[p]rocedural bar issues are not infrequently more complex than the merits issues . . . so it may well make sense in some instances to proceed to the merits if the result will be the same." Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002) (citing Lambrix v. Singletary, 520 U.S. 518, 525 (1997)). Accordingly, the Court will proceed to review Petitioner's claim on the merits

applying AEDPA deference. See Apelt v. Ryan, 878 F.3d 800, 825 (9th Cir. 2017) ("[W]hen a state court 'double-barrels' its decision—holding that a claim was procedurally barred and denying the claim on its merits—both its procedural default ruling and its merits ruling are entitled to deferential review by federal courts, as intended by AEDPA.").

**B. Merits Analysis**

"A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). Additionally, due process requires that a defendant not be "sentenced on the basis of assumptions concerning his criminal record which were materially untrue." Townsend v. Burke, 334 U.S. 736, 741 (1948) (involving a defendant who was not represented by counsel).

The transcript of Petitioner's plea hearing establishes that the state court's determination that "following an independent review of the record we find that no reasonably arguable factual or legal issues exist" was not objectively unreasonable. With respect to the terms of the plea agreement, the following colloquy occurred:

> [DEFENSE COUNSEL]: Your Honor, Mr. Ordaz at this time would like to withdraw his previously entered plea of not guilty, enter a plea of no contest to Count Two of the complaint. The plea agreement is that if Mr. Ordaz entered that plea, the district attorney would dismiss Count One in light of the plea. And also, we've agreed to a sentence of the middle term, which is three years, doubled by the prior strike, which Mr. Ordaz is willing to admit. That sentence is to run consecutive to his current prison case in which he's serving time on, which is out of LA County, LA County Superior Court case 3410336.
>
> The Court also indicated that based on Mr. Ordaz' inability to pay due to the fact that he's currently a sentenced prisoner and not employed, it would impose only the minimum fines and fees.
>
> . . .
>
> THE COURT: Mr. Ordaz, did you hear what your attorney just stated as the agreement?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Is that what you're agreeing to?
>
> THE DEFENDANT: Yes, Your Honor.

8

1       THE COURT: Do you have any questions about that?

2       THE DEFENDANT: No.

(ECF No. 7-1 at 27–28). Specifically with respect to the prior strike allegation, the following exchange occurred:

> THE COURT: It's further alleged that you suffered a prior strike conviction, which is a serious or violent felony as set forth in 667(b) through (i) and 1170.12(a) through (d) of the California Penal Code. That serious or violent prior has a conviction date of September 15th, 2003. The charge was PC 246 subsection (a)(2), Fresno Superior Court case ending in 0266161. Do you admit that prior strike?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: That court case number starts with MA and then has those numbers.
>
> [DEFENSE COUNSEL]: Yes, Your Honor. That's a Los Angeles Superior Court case number.
>
> COURT: So where it says Fresno Superior Court . . .
>
> [DEFENSE COUNSEL]: That should be—I would move to amend—orally amend to Los Angeles Superior Court as opposed to Fresno Superior Court.
>
> THE COURT: Okay. So that case that I just discussed was an LA conviction, LA county conviction. Do you admit that prior strike?
>
> THE DEFENDANT: Yes, Your Honor.

(ECF No. 7-1 at 30).

The Court finds <u>Harris v. Brown</u>, 338 F. App'x 660 (9th Cir. 2009), to be instructive. The petitioner challenged his conviction and sentence on the basis that a prior conviction, which was used to enhance his sentence, had been incorrectly identified in the abstract of judgment. The Ninth Circuit denied relief, finding that the petitioner's "plea was voluntary and intelligent. Harris was free to deny the allegation concerning the Alameda County prior. The allegation, in and of itself, did not render the plea involuntary or unknowing." <u>Id.</u> at 661. Although acknowledging the "due process right not to be sentenced based on materially untrue information," the Ninth Circuit found the petitioner was not entitled to relief because "Harris was given the opportunity to rebut the information on which the initial sentencing court relied, and instead he admitted it." <u>Id.</u> Regardless, the Ninth Circuit found that "[b]ecause the outcome of

1 Harris's sentencing would have been the same even if the abstract of judgment were correct, no
2 due process violation occurred." Id.

3 Here, Petitioner was informed of the date of the prior conviction and the case number.
4 There was clarification that the conviction occurred in Los Angeles County. Petitioner admitted
5 the prior conviction and was aware that the prior conviction would double his sentence. Like
6 Harris, the fact that the prior conviction was erroneously identified as a violation of California
7 Penal Code section 246(a)(2) instead of section 245(a)(2) did not render Petitioner's no contest
8 plea involuntary, unknowing, or unintelligent. Therefore, Petitioner is not entitled to habeas
9 relief on this ground.

10 In support of the claim that his previous section 245(a)(2) conviction is not a valid strike,
11 Petitioner directs the Court's attention to the minutes of a superior court hearing in case number
12 MA044325 that took place on October 15, 2009, in which "the court notes district attorney strike
13 may not be valid." (ECF No. 1 at 9, 35; ECF No. 7-1 at 125; ECF No. 10 at 1, 8). However, on
14 February 20, 2014, the California Court of Appeal, Second Appellate District found that
15 Petitioner's prior section 245(a)(2) conviction constitutes a valid strike because "an individual
16 who assaults another with a firearm commits a serious felony even if he or she does so as an
17 aider and abettor."[5] (ECF No. 7-1 at 117). This determination is binding on this Court. See
18 Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law . . .
19 binds a federal court sitting in habeas corpus."). Therefore, Petitioner is not entitled to habeas
20 relief on the ground that his prior conviction is an invalid strike.

21 Based on the foregoing, the state court's denial of relief was not contrary to, or an
22 unreasonable application of, clearly established federal law, nor was it based on an unreasonable
23 determination of fact. The decision was not "so lacking in justification that there was an error

---

[5] As noted above, because federal courts review the last reasoned state court opinion, this Court is looking through the California Supreme Court's summary denial and examining the determination of the California Court of Appeal that "following an independent review of the record we find that no reasonably arguable factual or legal issues exist." Ordaz, 2016 WL 4199096, at *2. Although the minutes of the superior court hearing and the February 20, 2014 opinion were not presented to the California Court of Appeal, they were presented to the California Supreme Court in Appendices B and D to the petition for review. (ECF No. 7-1 at 114–18, 124–25). Thus, they are within the scope of evidence the Court can review. See McDaniels v. Kirkland, 813 F.3d 770, 773 (9th Cir. 2015) (en banc) (holding federal habeas courts may consider the entire state-court record, including evidence that was presented to the state trial court but not to any state appellate court).

well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>Richter</u>, 562 U.S. at 103. Accordingly, Petitioner is not entitled to habeas relief, and the petition should be denied.

## IV.

## RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 15, 2018**

UNITED STATES MAGISTRATE JUDGE